This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37621**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ERIC AYERS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals his convictions for tampering with evidence contrary to NMSA 1978, Section 30-22-5(B)(2) (2003); resisting, evading, or obstructing an officer, contrary to NMSA 1978, Section 30-22-1 (1981); and concealing identity, contrary to NMSA 1978, Section 30-22-3 (1963). Defendant argues that (1) his convictions for tampering with evidence and concealing identity violate principles of double jeopardy; (2) the district court erred by admitting evidence that Defendant gave the police a false name; (3) the State failed to prove that he committed resisting, evading, or obstructing an officer; and (4) his counsel was ineffective. Agreeing only with Defendant's first

argument, we vacate his conviction for concealing identity, affirm his remaining convictions, and remand for entry of an amended judgment and sentence.

**DISCUSSION**

**I.      Defendant's Conviction for Concealing Identity Cannot Stand**

**{2}**      The jury was instructed in pertinent part that, to convict Defendant of tampering with evidence, it had to find beyond a reasonable doubt that Defendant "changed or hid his clothing," and that, to find Defendant guilty of concealing his identity it had to find beyond a reasonable doubt that Defendant "concealed his true name or identity" or that he "disguis[ed] [him]self[.]" Defendant argues that, because the jury was given alternative bases for conviction and it is unclear on which bases the jury relied, we must assume, under *State v. Foster*, 1999-NMSC-007, 126 N.M. 646, 974 P.2d 140, *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683, that the jury based its verdicts on any alternatives that could be "legally inadequate" under double jeopardy principles. Operating under that assumption, Defendant contends that the jury could have based its verdicts for tampering with evidence and concealing identity on the same conduct, subjecting him to multiple punishments for the same offense without authorization for multiple punishments from the Legislature. Reviewing this double jeopardy claim de novo, *State v. Montoya*, 2013-NMSC-020, ¶ 22, 306 P.3d 426, we agree.

**{3}**      Because the State charged Defendant with violations of two different statutes, Defendant's double jeopardy challenge raises a double-description concern, *Swafford v. State*, 1991-NMSC-043, ¶ 9, 112 N.M. 3, 810 P.2d 1223, which we resolve by examining "(1) whether the conduct is unitary, and, if so, (2) whether the Legislature intended to punish the offenses separately." *State v. Gonzales*, 2019-NMCA-036, ¶ 14, 444 P.3d 1064 (citing *Swafford*, 1991-NMSC-043, ¶ 25). Under *Foster*, "we must presume that a conviction under a general verdict requires reversal if the jury is instructed on an alternative basis for the conviction that[,]" if relied on, could "result in double jeopardy, and the record does not disclose whether the jury relied on this [potentially] legally inadequate alternative." 1999-NMSC-007, ¶ 28. Here, the State presented evidence that Defendant changed his clothing after fleeing from police; that the following day police found the clothing he had been wearing next to a nearby dumpster; and that, once arrested, Defendant gave officers a false name. Because the jury returned general verdicts, we have no way of knowing (1) whether the jury based its tampering verdict on a finding that Defendant changed his clothing versus a finding that he hid it next to a dumpster; or (2) whether the jury based its concealing-identity verdict on a finding that Defendant concealed his true name or identity versus a finding that he disguised himself. We must therefore assume that the jury relied on those alternatives that might overlap: the "changed" alternative of the tampering instruction and the "disguise" alternative of the concealing-identity instruction. *See State v. Vigil*, 2021-NMCA-024, ¶¶ 19-20, 489 P.3d 974 (applying *Foster* and assuming that, of the "alternative bases for conviction" on which the jury had been instructed, the jury relied on the one "most likely to result in a double jeopardy violation"), *cert. denied*, 2021-

NMCERT-___ (No. S-1-SC-38748, Apr. 22, 2021). "[T]o determine whether the jury could have relied on the same conduct to convict of both offenses[,]" *id.* ¶ 19, and thus whether there is a possibility that Defendant received multiple punishments for a single act, we proceed under the assumption that the jury found that Defendant tampered with evidence by "chang[ing] . . . his clothing" and that he committed concealing identity by "disguising [him]self[.]"

**{4}** In its answer brief, the State fails to account for the need to assume that the jury relied on these alternatives. The State argues that no double jeopardy violation occurred here because Defendant's act of giving police a false name is sufficiently distinct from his act of changing his clothing. But the State has not explained how giving a false name is an act of "disguising oneself" that could support a conviction for concealing identity under the alternative on which we must assume the jury relied. Without any reason to conclude that giving a false name is an act of "disguising oneself" within the meaning of Section 30-22-3 when that language connotes an act of *physical* concealment, and because reading "disguising oneself" to encompass giving a false name risks rendering the statutory alternative "concealing one's true name or identity" surplusage, we conclude that Defendant's act of changing his clothing was the only basis the jury had for finding that Defendant disguised himself under the given instruction. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("[A]bsent cited authority to support an argument, we assume no [supporting] authority exists."); *see also State v. Javier M.*, 2001-NMSC-030, ¶ 32, 131 N.M. 1, 33 P.3d 1 ("[A] statute must be construed so that no part of the statute is rendered surplusage or superfluous." (internal quotation marks and citation omitted)). Thus, if the jury relied on the disguise alternative of the concealing identity instruction, it necessarily based its verdict on Defendant's act of changing his clothing—the same conduct that supported its verdict for tampering under the change alternative in the tampering instruction. Presuming, as we must, that the jury relied on these alternatives, Defendant's convictions could only be based on unitary conduct.[1]

**{5}** Turning to the second step of the analysis, our task is to determine whether the Legislature intended to allow a person to be punished for both tampering with evidence and concealing identity based on the same conduct. Because the plain language of Sections 30-22-5(A) and 30-22-3 "does not clearly prescribe multiple punishments," *State v. Swick*, 2012-NMSC-018, ¶ 11, 279 P.3d 747, we apply a modified version of

---

1The *Foster* presumption is not dispositive if the court, after presuming that the jury relied on any alternative in the instruction that raises double jeopardy concerns, can nevertheless determine that "the offenses are separated by sufficient indicia of distinctness." *State v. Franco*, 2005-NMSC-013, ¶ 7, 137 N.M. 447, 112 P.3d 1104 (internal quotation marks and citation omitted); *see State v. Sena*, 2020-NMSC-011, ¶ 54, 470 P.3d 227 ("*Foster* does not require a further presumption that the same conduct was . . . relied upon by the jury in convicting [the d]efendant of each crime [under the applicable alternatives.]"); *State v. Phillips*, 2021-NMCA-___, ¶ 29 n.1, ___ P.3d ___ (No. A-1-CA-37455, July 7, 2021) ("*Sena* made clear that, after applying the *Foster* presumption, courts must still evaluate the conduct underlying the convictions to determine whether the conduct is unitary or distinct."). This is not such a case because, as we have explained, the only conduct that could have been the basis for both convictions, under the alternatives on which we must presume the jury relied, was Defendant changing his clothes.

the test in *Blockburger v. United States*, 284 U.S. 299 (1932), asking whether "each statute requires proof of a fact that the other does not." *Swick*, 2012-NMSC-018, ¶¶ 11-13, 21. Rather than mechanically looking to see whether the two statutes have different elements, we determine the Legislature's intent by assessing whether the statutes, in light of the State's legal theory under each one, require proof of independent facts. *Id.* ¶¶ 12, 21.

**{6}** Having applied *Foster* to the given instructions, the legal theories at issue are that, by changing his clothing to avoid being identified by police, Defendant (1) tampered with evidence and (2) disguised himself in violation of the concealing-identity statute. And the statutes for both tampering and concealing identity require proof of mental states that are, in all respects relevant here, essentially the same. The tampering statute criminalizes efforts to "prevent . . . apprehension, prosecution or conviction[,]" § 30-22-5(A), while the concealing identity statute targets efforts "to obstruct the due execution of the law." Section 30-22-3. When the act of changing one's clothing to avoid police detection constitutes the violation of the tampering statute, no independent facts are required to prove that the very same conduct also violates the concealing identity statute as an act of disguising oneself. We therefore conclude that the Legislature did not intend to punish these two crimes separately.

**{7}** The State, mistakenly contending that it should prevail on the unitary-conduct prong of the analysis, has not made any argument as to the Legislature's intent. Because the State has not offered us any reason to conclude that the Legislature intended, in a situation where both convictions are based on the same conduct, for the harsher punishment for tampering *not to subsume* the lesser punishment for concealing identity, and because we see no indicia that the Legislature so intended, double jeopardy principles preclude us from affirming both convictions. *Compare Franco*, 2005-NMSC-013, ¶ 18 (holding that there were sufficient indicia that the Legislature intended multiple punishments where the two statutes at issue had different purposes, could be violated independently, and carried the same punishment, indicating that "the Legislature did not intend [for] one offense to subsume the other"), *with Gonzales*, 2019-NMCA-036, ¶ 25 (holding that there was no indication that the Legislature intended multiple punishments where, in light of the legal theories at issue, all the elements of one crime were subsumed within the elements of another).

**{8}** We hold that Defendant's conviction for tampering with evidence, a fourth-degree felony, subsumes his conviction of concealing identity, a petty misdemeanor, § 30-22-3. We therefore vacate Defendant's conviction for concealing identity. *See Montoya*, 2013-NMSC-020, ¶ 55.

**II.      The District Court Did Not Err by Admitting Evidence That Defendant Gave Police a False Name**

**{9}** Defendant argues that the district court erred by allowing evidence regarding the name Defendant gave officers because (1) New Mexico does not recognize an exception to the exclusionary rule of *Miranda v. Arizona*, 384 U.S. 436 (1966), for

routine booking questions; (2) the admission was contrary to the court's earlier ruling on the State's stipulation to Defendant's motion to suppress; and (3) the district court, by ruling that the evidence was admissible on the day of trial, denied him the ability to prepare an adequate defense. "Whether facts support an exception to the *Miranda* requirement is a question of law" that we review de novo while "view[ing] the evidence in the light most favorable to the state." *State v. Widmer*, 2020-NMSC-007, ¶ 11, 461 P.3d 881 (internal quotation marks and citation omitted).

**{10}**     We conclude that these arguments lack merit. Contrary to Defendant's first argument, our Supreme Court has recognized the "routine booking question exception to the *Miranda* rule[.]" *Id.* ¶ 20 (internal quotation marks and citation omitted). "Even when a suspect is in custody," "[q]uestions such as 'what is your name?' and 'where do you live?' will not usually constitute interrogation within the meaning of *Miranda*." *Id.* ¶ 18 (internal quotation marks and citation omitted). As to his second and third arguments, we are not persuaded that the district court's suppression order was broader than the *Miranda* exclusionary rule. Defendant's motion to suppress, the State's stipulation to the motion, and the court's order all pertained to statements obtained in violation of *Miranda*. Hence, defense counsel should have been prepared, the success of Defendant's motion notwithstanding, for the admission at trial of any of Defendant's statements that could have been admitted into evidence consistent with *Miranda*, including statements that fell within the routine booking exception. Accordingly, we hold that the district court did not err by admitting evidence of Defendant's response when police asked his name.

### III.     We Affirm Defendant's Conviction of Resisting, Evading, or Obstructing an Officer

**{11}**     Defendant argues that we should reverse his conviction of resisting, evading, or obstructing an officer because the State failed to prove that the officer was acting in the lawful discharge of duty, an essential element of the crime. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Cabezuela*, 2015-NMSC-016, ¶ 14, 350 P.3d 1145 (internal quotation marks and citation omitted). We will not "reweigh the evidence or substitute our judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Gipson*, 2009-NMCA-053, ¶ 4, 146 N.M. 202, 207 P.3d 1179.

**{12}**     Defendant contends that no rational jury could have found that the arresting officer was acting lawfully because there is insufficient evidence to show that the officer's seizure of Defendant was supported by reasonable suspicion. We disagree. The arresting officer testified that, while working as a field patrol officer for the Albuquerque Police Department, he was dispatched to a gas station to investigate a sighting of a stolen Ford Bronco. The officer's testimony and consistent lapel camera footage introduced at trial were evidence that upon arriving, the officer found Defendant standing by the passenger seat of a matching vehicle with the door open. Because this

evidence would have permitted a rational jury to find that the officer had a "particularized and objective basis for suspecting [Defendant] of criminal activity[,]" *State v. Martinez*, 2020-NMSC-005, ¶ 19, 457 P.3d 254 (internal quotation marks and citation omitted), at the time of the seizure, we reject Defendant's sufficiency of the evidence challenge.

## IV.    Defendant Has Not Made a Prima Facie Case of Ineffective Assistance of Counsel

{13}    Defendant argues that he did not receive effective assistance of counsel because he had no confidence in his appointed counsel's loyalty to him and because he had sued the Office of the Public Defender on that basis, creating a conflict of interest in its ability to represent him. Because "[e]vidence of an attorney's constitutionally ineffective performance and any resulting prejudice to a defendant's case is not usually sufficiently developed in the original trial record[,]" "a claim of ineffective assistance of counsel should normally be addressed in a post-conviction habeas corpus proceeding . . . rather than on direct appeal." *State v. Crocco*, 2014-NMSC-016, ¶ 13, 327 P.3d 1068. To determine whether to review Defendant's claim on direct appeal or whether "a habeas corpus petition" is the "more proper[]" means for Defendant to request relief, we ask whether, in light of "the facts that are part of the record[,]" Defendant has "ma[de] a prima facie case" of "both elements of ineffective assistance, attorney error and prejudice." *Id.* ¶ 14 (internal quotation marks and citation omitted).

{14}    In his lawsuit, Defendant alleged that his appointed counsel was actively working against his interest by colluding with the district attorney's office in his prosecution, but the record contains no evidence to support that allegation or that the existence of Defendant's lawsuit compromised his trial counsel's allegiance to him in any way. And although defense counsel was aware of Defendant's lack of confidence in him, Defendant has not given us any reason to conclude that counsel erred by not withdrawing from the representation based on that knowledge, and there is no evidence that counsel's continued representation of Defendant prejudiced Defendant in any way. Absent supporting evidence, we cannot conclude that counsel should have withdrawn for either of the reasons Defendant suggests, and Defendant has thus failed to make a prima facie case of ineffective assistance. Accordingly, Defendant's claim is better addressed through habeas corpus proceedings, "which may call for a new evidentiary hearing to develop facts beyond th[is] record[.]" *Id.* ¶ 13.

## CONCLUSION

{15}    We vacate Defendant's conviction for concealing identity but otherwise affirm.

{16}    **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**GERALD E. BACA, Judge**